IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

```
In Re:                          :
                                :
EARLE D. MUNNS                  :
                                :
        Debtor                  :    Case No. 11-10912-RGM
                                :         (Chapter 7)
.... .... .... .... .... ....   :
                                :
BANK OF AMERICA N.A.            :
                                :
        Plaintiff               :
                                :    Adv. No. 11-01255-RGM
                                :
v.                              :
                                :
EARLE D. MUNNS                  :
                                :
                                :
        Defendant               :
```

## MEMORANDUM OF POINTS AND AUTHORITIES

COMES NOW the defendant, EARLE D. MUNNS, and submits this Memorandum of Points and Authorities in support of his motion for summary judgment.

<u>Procedural History</u>

On April 9, 2009, the plaintiff, Bank of America, N.A.,(hereafter BOA) filed a complaint against the defendant in the Alexandria Division of the United States District Court for the Eastern District of Virginia, Case No. 1:09-cv-00391-GBL-TCB. A copy of the complaint is attached as Exhibit 1. The complaint alleges causes of action in 81 paragraphs against Munns for

Breach of Contract, Conversion, Fraud, and Constructive Fraud. All of the causes of action plead in that suit arise out of the same facts and circumstances plead in the 99 paragraphs of this adversary action. On September 15, 2009 the District Court granted the defendant's motion to dismiss the complaint upon finding that the parties were bound by an arbitration clause in the original loan agreement. A copy of the dismissal order is attached as Exhibit 2.

Shortly thereafter, the case, including the same counts and allegations based on the same facts and circumstance between the same parties, was referred to arbitration, where on August 12, 2010, the arbitrator, Howard G. Slavit, entered an Interim Award against Munns on the counts breach of contract (by way of guarantee) and for constructive fraud in the amount of $5,207,124.39. However, the arbitrator found in favor of Munns and against BOA on the counts of conversion and fraud. The arbitrator's findings were incorporated into a Final Award entered by the American Arbitration Association on October 4, 2010, and later confirmed and incorporated into a Consent Decree entered in the Circuit Court of Fairfax County on November 30, 2010, CL 2010-16045. A copy of the arbitrator's Interim Award, with findings of fact, the final Arbitration Award, and the Consent Decree are attached as Exhibits 3, 4, and 5.

On February 8, 2011, after the entry of the Consent Decree, the defendant, Munns, filed a petition under chapter 7 in this court, and on May 12, 2011, the plaintiff filed this adversary proceeding.

<u>Argument</u>

Summary Judgment is appropriate where the pleadings, depositions, and admissions on file, together with any exhibits and affidavits, show that there is no genuine issue as to any material facts in dispute and the moving party is entitled to a judgment as a matter of law.

Comparing the complaint filed in the U.S. District Court with the arbitrator's award and the complaint filed here, the causes of action plead in each case are the same, and arise out of the same facts and circumstances.  Where there is some variance in the complaint filed in this proceeding, it is simply a matter of drafting in order to fit the same facts and allegations into the exceptions to discharge under Section 523.

Having tried the same case to judgment Circuit Court, the parties are bound in this adversary proceeding under the doctrine of collateral estopple by the findings of the arbitrator incorporated in to the consent decree in Circuit Court: see *Duncan v. Duncan* 448 F3d 725, (4th Cir. 2006)

> "State court judgments can collaterally estop the litigation of issues in adversary proceedings in federal bankruptcy court. See *In re Ansari*, 113 F.3d 17, 19 (4th Cir. 1997). When determining whether a state court judgment has such a preclusive effect, we apply the relevant state law of collateral estoppel. *Id*. Here, because the underlying wrongful death action was litigated in Virginia, we will apply the law of the Commonwealth."

In Duncan, the 4th Circuit found that five elements must be present before collateral estopple can be applied:

> "Under Virginia law a party invoking collateral estople must prove the following five elements (1)

    the parties to the two proceedings must be the same or in privity; (2) the prior proceeding must have resulted in a valid and final judgment against the party against whom preclusion is sought or his privy; (3) the factual issue to be precluded must have been actually litigated in the prior proceeding; (4) the factual issue to be precluded must have been essential to the judgment in the prior proceeding; and (5) there must be mutuality, "that is, a party is generally prevented from invoking the preclusive force of a judgment unless that party would have been bound had the prior litigation of the issue reached the opposite result." *TransDulles Center, Inc. v. Sharma*, 252 Va. 20, 22-23, 472 S.E.2d 274, 275 (1996). An issue is subject to collateral estoppel only if it is identical to an issue decided in a prior proceeding. See *Angstadt v. Atlantic Mut. Ins. Co.*, 249 Va. 444, 447, 457 S.E.2d 86, 87-88 (1995); *Sevachko v. Commonwealth*, 32 Va. App. 561, 564-65, 529 S.E.2d 803, 804 (2000)."

    All five elements that require that the application of collateral estopple are present in this case: (1) the parties are the same as in the earlier action, (2) the prior arbitration resulted in a final order entered in the Circuit Court, (3) the factual issues were actually litigated, as can be seen by the arbitrator's report which details the evidence and testimony received (4) the factual issues are identical and arise out of the same transactions as plead in the earlier cases, (5) there was clearly mutuality in the Circuit Court case since both parties suffered adverse rulings by the arbitrator.

    Since Munns was found liable in the arbitration on only two counts, breach of contract and constructive fraud, the plaintiff is collaterally estopped from litigating the counts of fraud and conversion in this adversary proceeding. Of those two remaining counts, only the one involving constructive fraud requires further examination.

While there are no cases within this circuit which directly address whether a discharge exception under 523(a) can be based on constructive fraud, the elements of a fraud claim under Section 523, including a claim for false pretenses, have been expressed as follows: (1) that the debtor made misrepresentations or committed other fraud, (2) that at the time the debtor knew the conduct was fraudulent, (3) that the debtor's conduct was with the intention and purpose of deceiving or defrauding the creditor, (4) that the creditor relied on the debtor's representations, (5) that the creditor sustained loss and damage as the proximate result of the representations of fraud, see *Citibank v. Hale*, 274 B.R. 220 (Bank. E.D. VA 2001), *American Express Centurion Bank V. Choi*, 203 B.R. 397, *In re Biondo*, 1890 F3d 126 (4th Cir. 1999).

In the arbitrator's report he distinguishes actual fraud from constructive fraud by noting that "to prove constructive fraud, the misrepresentation was made innocently or negligently. It need not be done knowingly or intentionally with an intent to mislead" : see Interim Award, page 5.  In contrast, the arbitrator defines actual fraud as "misrepresentations and other actions [that] intentionally and knowingly mislead the bank, or that [were done] in reckless disregard of the truth and that the bank relied on ... with resulting damage" : see arbitrator's award, page 4.  Of those two definitions, only the latter, for which Mr. Munns was found not liable, would fit within the scope of Section 523(a)(2).

Having suffered an adverse ruling in the prior case between the same parties on the issues of fraud and conversion, BOA is estopped from relitigating those claims here. Moreover, since the arbitrator defined constructive fraud to include a representation made by Munns without fraudulent intent, it does not fit within the definition of fraud under Section 523 adopted within this circuit and cannot support an exception to discharge. As a result, there remain no genuine issue as to any material fact in dispute, and the defendant is entitled to a judgment as a matter of law

                                        EARLE D. MUNNS
                                        By counsel

/s/ Richard G. Hall
RICHARD G. HALL, Esquire
Counsel for the defendant
7369 McWhorter Place, Suite 412
Annandale, Virginia  22003
(703)256-7159
VAB #18076