AMERICAN ARBITRATION ASSOCIATION
Commercial Arbitration Tribunal

In the Matter of the Arbitration between

Re: 16 148 Y 00590 09
AC Technology, Inc., Michael Byrd and
Earle Munns, Jr.,
  Claimants and Counter-Respondents

and

Bank of America, N.A.,
  Respondent and Counter-Claimant.

## FINAL AWARD OF ARBITRATOR

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreements entered into pursuant to the (1) Credit and Security Agreement between AC Technology, Inc. ("AC Technology") and MB Security Corporation ("MB Security") and Bank of America, N.A. ("Bank of America" or the "Bank"), dated June 30, 2008 (the "Credit Agreement"), (2) Continuing and Unconditional Guaranty provided by Earle F. Munns, Jr. to Bank of America, N.A., dated June 30, 2008 (the "Munns Guaranty"), and (3) Continuing and Unconditional Guaranty provided by Michael A. Byrd to Bank of America, N.A., dated June 30, 2008 (the "Byrd Guaranty"), and having been duly sworn, and having duly heard the proofs and allegations of the Parties, and having previously rendered an Interim Award of Arbitrator dated August 12, 2010 (the "Interim Award"), which Interim Award is attached hereto and incorporated herein (defined terms in the Interim Award shall also apply to this Final Award), do hereby, AWARD, as follows:

1. On Counts I and II, AC Technology, Inc. and Earle Munns, Jr., jointly and severally, shall pay to Bank of America, N.A., the amount of FIVE MILLION SIXTY ONE THOUSAND SIX HUNDRED AND FORTY THREE DOLLARS AND FIFTY SEVEN CENTS ($5,061,643.57) (the "Amount Owed").

2. AC Technology, Inc. and Earle Munns, Jr., jointly and severally, shall also pay to Bank of America, N.A. the amount of NINETY TWO THOUSAND FOUR HUNDRED THIRTY ONE DOLLARS AND NINETY SIX CENTS ($92,431.96) as Enforcement Costs pursuant to Sections 1.1, 7.4 and 7.9 of the Credit Agreement and Sections 1 and 25 of the Munns Guaranty. The AAA fees and the Arbitrator's incurred fees are addressed separately in the Award. As provided in the Credit Agreement:

> 1.1 ... "Enforcement Costs" means all reasonable expenses, charges, recordation or other taxes, costs and fees (including reasonable attorneys' fees and expenses) of any nature whatsoever advanced, paid or incurred by or on behalf of the Lender in connection with (a) the collection or enforcement of this Agreement or any of the other Financing Documents, (b) the creation, perfection, maintenance, preservation, defense, protection, realization upon, disposition, collection, sale or enforcement of all or any part of the Collateral, and (c) the exercise by the Lender of any rights or remedies available to it under the provisions of this Agreement, or any of the other Financing Documents.
>
> 7.4 Enforcement Costs. The Borrowers agree to pay to the Lender on demand (a) all Enforcement Costs paid, incurred or advanced by or on behalf of the Lender including,

without limitation, reasonable attorneys' fees, costs and expenses, and (b) interest on such Enforcement Costs from the date payment for the same is demanded until paid in full at a per annum rate of interest equal at all time to the Default Rate. All Enforcement costs, with interest as above provided, shall be a part of the Obligations hereunder.

Pursuant to the parties' above-described agreements, I have determined that the amount being awarded for Enforcement Costs to be reasonable after taking into account the relevant facts and circumstances. Among these are that the Bank has submitted appropriate and acceptable evidence regarding the amount of its Enforcement Costs including as to its attorney hourly rates; the Bank is the prevailing party and prevailed in the full amount claimed as to Counts I and II; the Bank did not prevail on its intentional tort claims but did prevail on its constructive fraud claim although no additional amount was awarded on that claim over and above what was awarded on Counts I and II; and, AC Technology and Mr. Munns did not fulfill their discovery obligations in the case necessitating various actions by the Bank and my granting the Bank's motion to compel.

3. With regard to the Amount Owed as provided in No. 1 above, commencing as of April 20, 2010, interest shall continue to accrue pursuant to the Default Rate as defined in Section 1.1 of the Credit Agreement, i.e., "a floating and fluctuating per annum rate of interest calculated by adding the sum of four percent (4.0%) to the rate of interest otherwise in effect" in the manner as computed for the Amount Owed until all amounts required to be paid are paid in full.

4. With regard to the amount of Enforcement Costs as provided in No. 2 above, if not paid by the date specified in No. 5 below, interest shall begin to accrue as of that date pursuant to the Default Rate as defined above until such Enforcement Costs are paid in full.

5. The above Amount Due and Enforcement Costs as specified in Nos. 1 and 2 above and in the next paragraph shall be paid on or before thirty (30) days from the date of this Final Award.

As additional Enforcement Costs, the administrative filing and case service fees of the AAA, totaling $13,050.00 and the compensation and expenses of the arbitrator, totaling $54,511.07, shall be borne as with the earlier addressed Enforcement Costs 80.00% by AC Technology, Inc. and Earle Munns, jointly and severally and 20.00% by Bank of America, N.A. Therefore, AC Technology, Inc. and Earle Munns, jointly and severally, shall reimburse Bank of America, N.A. the sum of $53,048.86, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Bank of America, N.A. upon demonstration by Bank of America, N.A. that said incurred fees and expenses have been paid in full. The interest provisions in No. 4 above also shall apply to the amounts due to be paid in this paragraph.

This Final Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.

I, Howard G. Slavit, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Final Award.

Dated: October 4, 2010

Howard G. Slavit, Arbitrator

# AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration Between:

Re: 16 148 Y 00590 09
AC Technology, Inc., Michael Byrd and Earle Munns, Jr.
and
Bank of America, N.A.

## CERTIFICATION

State of Georgia  } SS:
County of Dekalb

Yvonne L. Baglini, being duly sworn deposes and says:

1. She is the Assistant Vice President of the Southeast Case Management Center of the American Arbitration Association, Inc. (hereinafter referred to as the AAA), a not-for-profit corporation organized under the Laws of the State of New York, having its principal offices at 1633 Broadway, New York, NY 10019.

2. In such capacity, she is in general charge of all arbitrations conducted pursuant to the rules of the AAA in its Southeast Case Management Center.

3. She has reviewed the AAA's file pertaining to the above-captioned arbitration administered by the AAA as case # 16 148 Y 00590 09.

4. She hereby certifies that the following documents, as listed below and attached, are true and exact copies of the same documents contained in said file #16 148 Y 00590 09.

   Document List:
   o *Interim Award of Arbitrator dated August 12, 2010*
   o *Final Award of Arbitrator dated October 4, 2010*

5. She hereby certifies that the subject arbitration was governed by the Commercial Arbitration Rules and Mediation Procedures of the AAA as Amended and Effective June 1, 2009.

DATED: November 4, 2010

Signature

On this 4th day of November, 2010 before me personally came and appeared Yvonne L. Baglini to me known to me to be the individual described in and who executed the foregoing instrument and she acknowledged to me that she executed the same.

DATED:

Notary Public

My Commission Expires